AETNA CASUALTY & SURETY COMPANY *v.*
MICHIGAN CONSOLIDATED GAS COMPANY

NEGLIGENCE—EVIDENCE—SUFFICIENCY.

   A finding that defendant gas company was not negligent by
   failing to cap a street gas line feeding plaintiff's burning
   house within a reasonable time was not clearly erroneous where
   defendant's evidence tended to show that the capping task
   was completed within less time than was normally required
   and its dispatch records corroborated this claim (GCR 1963,
   810[2]).

Appeal from Wayne, Harry J. Dingman, Jr., J.
Submitted Division 1 February 5, 1970, at Detroit.
(Docket No. 6,297.)  Decided March 27, 1970.

Complaint by Aetna Casualty & Surety Company,
subrogee of Jack L. Hanner, and Jack Hanner for
himself against the Michigan Consolidated Gas
Company to recover for increased fire damage to
plaintiff's home resulting from defendant's alleged
delay in termination of gas service. Judgment for
defendant. Plaintiffs appeal. Affirmed.

*Kenneth C. Davies,* for plaintiffs.

*Dyer, Meek, Ruegsegger & Bullard (Richard J.
McClear,* of counsel), for defendant.

REFERENCE FOR POINTS IN HEADNOTE

38 Am Jur, Negligence § 332 *et seq.*

Before: Levin, P. J., and J. H. Gillis and Bronson, JJ.

Per Curiam. On December 1, 1965, Jack L. Hanner's house caught fire. The fire originated in the basement of the house. It spread, melted a gas meter located in the basement, and, as a result, gas escaping from the meter fed the fire. Unable to terminate the flow of gas, fire department officials at the scene contacted the Michigan Consolidated Gas Company and requested that the main outside the house be shut off. A street crew was dispatched and the gas service was terminated. The house was completely destroyed, however.

Alleging undue delay in termination of the gas service, plaintiffs commenced suit against the gas company. It was claimed that defendant's negligence resulted in increased damage to the house. Trial was to the court, sitting without a jury. The trial judge found as a fact that defendant was not negligent, as alleged, and entered a judgment of no cause of action. On appeal, the sole issue presented is whether the trial court clearly erred in concluding that defendant was not negligent. GCR 1963, 810 (2).

At trial, it was plaintiffs' theory that the street crew, after arrival at the scene, failed to locate, expose, and cap the gas line in a reasonable time. The testimony of one witness, a fire department official, was offered to substantiate plaintiffs' claim. Testimony offered by defendant, however, tended to show that the task was performed by the street crew in less time than normally required. According to defendant's evidence, corroborated by its dispatch records, the service crew arrived at the scene at 2:30 a.m. and service was terminated at between 2:53 a.m. and 2:55 a.m.—an elapsed time of 23 to

25 minutes.  A witness for defendant testified that performance of the task at hand normally required 30 to 40 minutes.

In light of the above testimony, the trial court could properly conclude that defendant was not negligent.

Affirmed.  Costs to appellee.